Jason M. Bruno, NE #23062
Sherrets Bruno & Vogt LLC
260 Regency Parkway Drive, Suite 200
Omaha, NE 68114
(402) 390-1112 - Telephone
law@sherrets.com; jbruno@sherrets.com
ATTORNEY FOR PLAINTIFF

## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| NOLAN CAIN, | Case No. _____ |
| Plaintiff, | **COMPLAINT** |
| v. | **AND** |
| STANGER ENTERPRISES LLC d/b/a PREMIER POOLS AND SPAS, | **JURY DEMAND** |
| Defendant. | |

Plaintiff Nolan Cain states the following Complaint against Defendant:

### JURISDICTION & VENUE

1.    This Court has jurisdiction over this civil action under 28 U.S.C. § 1332(a)(1) because the Plaintiff and the Defendant are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

2.    Venue before this Court is appropriate under 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to these claims occurred in this Judicial District and Defendant is located in this Judicial District.

**PARTIES**

3.    Plaintiff Nolan Cain ("Cain") is an individual residing in Pottawattamie County, Iowa.

4.    Defendant Stanger Enterprises LLC is a Nebraska Limited Liability Company headquartered in Valley, Douglas County, Nebraska.

5.    Defendant Stanger Enterprises LLC operates under the trade name of and does business as Premier Pools and Spas.  Defendant Stanger Enterprises LLC will be referred to as "Premier" for ease of reference.

**FACTUAL BACKGROUND**

6.    Prior to July of 2023, Cain contacted Premier and inquired whether Premier could design and install a residential swimming pool at Cain's home located at 540 Coronado Circle, Carter Lake, Iowa ("the Property").

7.    Cain discussed with Premier his desired specifications for the pool and the timeframe for the completion of the pool.

8.    Premier assured Cain that Premier had the requisite knowledge and experience to competently install a swimming pool per Cain's specifications and time requirements.

9.    Premier represented that it was more qualified and experienced and utilized better technology than other local pool companies.

10.   Premier further told Cain that Cain's family would have the pool in time to enjoy the 2023 swimming season.

2

11.    Premier further referred Cain to Premier's website, which represented, among

other things:

> Premier Pools and Spas are the best custom pool builders in
> Nebraska & Iowa. We have built thousands of high-quality
> pools for over 13+ years. When you're looking for a pool-
> building company that will go above and beyond your
> expectations, it's hard to beat the team at Pool Builders. We
> take pride in our craftsmanship, and attention to detail, even
> down to our friendly customer service.
> You can rest assured that your swimming pool will be custom-
> built to suit all of your needs. We start by sitting down with you
> and discussing what's important for this project, whether it is
> style or function; then we get into the size specifications, as
> well as materials used in construction. Get in touch with
> our swimming pool contractors today to get started on your
> dream pool!

12.    Cain relied upon the credentials, representations, and timeline furnished by

Premier.

13.    On or about July 25, 2023, Cain hired Premier to design and install a custom

swimming pool at the Property.

14.    Based upon the promises and fraudulent statements by Premier, Cain was

induced to make payments totaling $91,625.00, nearly the full price for a

completed pool.

15.    Despite receiving close to full payment, Premier failed to install the pool,

which was promised to be usable for the 2023 swimming season.  The 2023

swimming season has come and gone.

16.    Premier has done nothing of significance regarding the pool other than digging

3

and leaving a hole in Cain's yard on or about June 25, 2023.

17. Cain has made several demands upon Premier to complete the pool and furnish the materials for which Cain paid.

18. Cain regularly sought updates and information regarding the pool project through phone calls and emails.

19. The responses Cain received were unprofessional, vague, and/or evasive. Cain was met with more excuses and false promises, including that the work would be completed soon.

20. On at least three separate occasions, Cain was told by Premier that workers would be on site the next day. No workers showed up.

21. Premier made several additional misrepresentations to Cain, including claiming that Cain's calls were ignored because one of Premier's agents had dropped his phone in someone else's pool.

22. Cain has made several demands upon Premier for the return of the $91,625 paid to Premier, including on September 15, 2023.

23. Cain's demands have been ignored.

## COUNT ONE: BREACH OF CONTRACT

24. The foregoing paragraphs are incorporated as if fully stated herein.

25. Cain and Premier entered into an agreement.

26. Cain fully performed and/or stood ready, willing, and able to fully perform under the agreement.

4

27. Premier breached the agreement in multiple ways, including by:

    A. Failing to complete the pool and abandoning the pool project;

    B. Failing to provide the equipment and materials that it agreed to provide and for which it was paid;

    C. Scamming Cain by taking money in exchange for little, to no, work;

    D. Damaging Cain's Property;

    E. Leaving the Property and Cain in a worse condition than they were in before hiring Premier;

    F. Failing to provide anything of value to Cain; and

    G. Creating and failing to remedy a hazardous safety issue.

28. As a direct and proximate result of Premier's breaches, Cain has and will continue to suffer damages, including the $91,625 paid to Premier, the $64.99 paid for a pump to pump water from the hole left by Premier, $3,430.02 paid to Quality Fence, and accruing interest charges ($359.78 to date), on a pool loan.

**COUNT TWO: FRAUD AND CONCEALMENT**

29. The foregoing paragraphs are incorporated as if fully stated herein.

30. Premier made several representations to Cain including, but not limited to:

    A. Premier would be able to complete and would complete the pool in time for Cain and his family to take advantage of the 2023 swimming season;

    B. Premier has "the highest standards of quality;"

    C. Premier is "absolutely dedicated to serving our customers, and to delivering an outstanding experience—every time;"

D. "Premier Pools and Spas are the best custom pool builders in Nebraska & Iowa;"

E. "When you're looking for a pool-building company that will go above and beyond your expectations, it's hard to beat the team at Pool Builders;"

F. The work would be started and/or completed very soon;

G. "You can rest assured that your swimming pool will be custom-built to suit all of your needs."

31. Premier further concealed material facts, including that it never had any intention to start working on or complete the pool.

32. Premier's representations were false.

33. Premier knew or should have known that its representations were false.

34. Premier made misrepresentations to, and concealed information from Cain with the intention that Cain would rely upon them, including by hiring Premier and paying $91,625 in deposits.

35. Cain relied on Premier's fraud and concealment by, among other things:

- Not hiring a different company;
- Paying Premier $91,625.00;
- Securing a loan from his bank to cover the costs of the pool;
- Obtaining the neighbor's approval for Premier to work around their yard; and
- Purchasing a water pump and personally pumping water from the hole left by Premier.

36. As a direct and proximate result of Premier's fraud and concealment, Cain has

suffered damages, including those set forth in Paragraph 28 above.

## COUNT THREE: VIOLATION OF THE
## NEBRASKA CONSUMER PROTECTION ACT

37.   The foregoing paragraphs are incorporated as if fully stated herein.

38.   Premier has engaged in unfair and deceptive acts and practices in the conduct of commerce.  These acts and practices include, but are not limited to:

A. Falsely advertising and marketing themselves as "The best pool builder in Nebraska and Iowa," as going "above and beyond expectations," "having the highest standards of quality," and "absolutely dedicated to serving our customers, and to delivering an outstanding experience—every time;"

B. Making blatantly false and misleading promises, guarantees, warranties, and advertisements; and

C. Falsely representing that they would provide prompt and competent service to induce deposits.

D. Concealing material facts, including that they never had any intention to start working on or complete the pool.

E. Completely scamming and defrauding customers.

39.   As a direct and proximate result of Premier's violation of Nebraska's Consumer Protection Act, Cain has suffered damages, including those set forth in Paragraph 28 above.

WHEREFORE, Plaintiff respectfully requests: (1) a judgment in his favor

7

against Defendant for all of past, present, and future special and consequential

damages; (2) punitive and statutory damages; (3) costs and attorney fees as permitted

by law, including Neb. Rev. Stat. § 59-1609; (4) pre-judgment interest from May 9,

2023 and post-judgment interest; and (5) any other relief as the Court deems just and

equitable.

Respectfully Submitted,

NOLAN CAIN, Plaintiff

By:    _/s/ Jason M. Bruno_____
Jason M. Bruno, NE #23062
Sherrets Bruno & Vogt LLC
260 Regency Parkway Drive, Suite 200
Omaha, NE 68114
(402) 390-1112 - Telephone
law@sherrets.com
jbruno@sherrets.com
ATTORNEY FOR PLAINTIFF

8