IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| NOLAN CAIN,<br><br>    Plaintiff,<br><br>vs.<br><br>AARON M. STANGER,<br><br>    Defendant. | 4:23CV3195<br><br>**MEMORANDUM AND ORDER** |

  Before the Court is Plaintiff's Motion to Reconsider, Filing No. 64. Defendant requests the undersigned reconsider her December 5, 2024, Findings and Recommendation in which she recommended the Honorable John M. Gerrard, United States Senior District Court Judge grant Plaintiff's motion for sanctions and enter default against Defendant without further notice.

  "A district court has broad discretion in determining whether to grant or deny a [motion to reconsider]." *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006); *see also United States v. Harvey*, 2016 WL 7115982, at *1 (D. Neb. Dec. 6, 2016). Generally, a civil motion to reconsider is used to "'correct[ ] manifest errors of law or fact or ... present newly discovered evidence.'" *Id.* (quoting *Bradley Timberland Res. v. Bradley Lumber Co.*, 712 F.3d 401, 407 (8th Cir. 2013)).

  On December 5, 2024, the undersigned issued the above-referenced Findings and Recommendation. Filing No. 63. In its motion to reconsider, Defendant attests that it completed the discovery at issue and provided that discovery to Plaintiff's counsel on November 5, 2024. Filing No. 66-1. The undersigned was unaware of this fact at the time of the Findings and Recommendation because Defendant did not respond, in any way, to Plaintiff's September 25, 2024, Motion for Sanctions and, further, Plaintiff did not disclose

1

this fact to the undersigned in the evidence it submitted to the Court on November 27, 2024.[1] *See* Filing No. 60. The undersigned finds this critical fact warrants reconsideration of its Findings and Recommendation. Had the undersigned been apprised that Defendant had answered the discovery at the time it entered its Findings and Recommendations, she would not have recommended an entry of default against Defendant.

Nonetheless, the undersigned does find sanctions are still warranted given Defendant's actions regarding the progression of this matter and the discovery delays outlined in Plaintiff's Motion for Sanctions. Filing No. 55. These actions are detailed in this Court's Findings and Recommendations. Filing No. 63. Having reviewed the materials submitted in support of the motion for sanctions and motion for reconsideration, the undersigned finds an award of attorney's fees is appropriate. *See* Fed. R. Civ. P. 37(d). As such, the motion for sanctions, Filing No. 55, should be granted in part as set forth herein.

While the Court agrees that, based on newly available evidence, a recommendation of dismissal is not warranted, the undersigned warns Defendant that continued unresponsiveness and/or delays may result in a recommendation for default. Defendant has caused significant delays in this proceeding and, further, significant efforts have been exerted by both the Court and Plaintiff to progress this matter while Defendant has sat on his hands. Nonetheless, the undersigned is not particularly satisfied by Plaintiff counsel's failure to fully disclose that he had, in fact, received the discovery at issue when he filed his affidavit in support of the motion for sanctions with the Court on November 27, 2024. Defendant's failure to

---

[1] The undersigned recognizes the affidavit submitted by Plaintiff's counsel on November 27, 2024, only indicated he had not received Defendant's discovery responses as of October 10, 2024. However, the affidavit was dated November 27, 2024, at which time he was in receipt of the discovery in question. Filing No. 60-1.

2

provide discovery was a critical factor in the undersigned's recommendation of an entry of default, which is a severe punishment.[2]

For the forgoing reasons,

**IT IS ORDERED**:

1) Defendant's Motion for Reconsideration, Filing No. 64, is granted.
2) Plaintiff's Motion for Sanctions is granted in part and denied in part as set forth herein.
3) The undersigned directs the Clerk of Court to strike the Findings and Recommendations at Filing No. 63 in light of this ruling.
4) Plaintiff is entitled to reimbursement for its attorney's fees and expenses incurred in preparing the Motion for Sanctions, Filing No. 55, but not regarding any response to Defendant's Motion for Reconsideration. Filing No. 64.
5) On or before February 5, 2025, Plaintiff shall file an itemized billing statement of its fees associated with its Motion for Sanctions.
6) Defendant's counsel shall file a response to this itemization on or before February 12, 2025.
7) If the parties agree as to the amount to be awarded, on or before March 14, 2025, they shall file a joint stipulation for entry of an order awarding costs and fees to Plaintiff.
8) If the parties do not agree on the attorney fees and costs to be awarded, or if Defendant does not timely respond to Plaintiff's itemization and demand, Plaintiff shall file a motion for assessment of attorney fees no

---

[2] In addition, the undersigned advises the parties that though it has been patient with both sides in complying with this Court's local rules, particularly NECivR. 7.1, it is not likely to remain as patient in the future. Both parties have benefited from this Court's allowance of providing them with additional time to submit compliant evidence in support of their motions and both parties are on notice of the existence of this rule for purposes of any further motion practice.

later than March 21, 2025. This motion shall be submitted in accordance with the Court's fee application guidelines outlined in Nebraska Civil Rules 54.3 and 54.4., but a supporting brief is not required.

9) If a motion for fees is required, the Court may award Plaintiff up to an additional $1,000.00 to recover the cost of preparing its motion for assessment of fees.

10)   On or before January 14, 2025 the parties shall jointly submit to chambers amended case progression deadlines, if necessary.

Dated this 10th day of January, 2024.

BY THE COURT:

*s/ Jacqueline M. DeLuca*
United States Magistrate Judge
